REGAN, Judge.
The plaintiff, William M. Smith, filed this suit against the defendant, Carrollton Refrigeration & Home Appliances, endeavoring to recover the sum of $280.98 representing damages incurred by him as a result of the defendant’s loss of an air conditioning unit which it had agreed to repair and place in storage.
The defendant answered and admitted picking up two window air conditioning units from the plaintiff’s residence for repair but denied that it had neglected to return one of the units. In the alternative, the defendant pleaded that should judgment be rendered in favor of the plaintiff the amount awarded should be determined by considering that the air conditioning unit was approximately two years old and in disrepair at the time the defendant agreed to service it.
Judgment was rendered in favor of the plaintiff in the amount of $196.69, and from that judgment the defendant has prosecuted this appeal.
The record discloses that in July of 1965 the defendant picked up two air conditioning units from the plaintiff’s home for the purpose of servicing and storing them. Several months later he requested that the defendant deliver and install the two units in the windows of his residence.
The plaintiff, William Mason Smith, was unable to testify when the trial hereof occurred. However, it was stipulated by the respective litigants that this would not adversely effect the judgment rendered and the defendant made no objection to Mrs. Smith’s testifying on her husband’s behalf. She explained that two units were sent to Carrollton Refrigeration for cleaning, storage and installation of a fan motor in the older unit as well as some other repairs at an agreed price. Some time later two units were returned to her, but one was not her property and she refused to accept it. Receipts were introduced into evidence which she admitted her husband signed acknowledging delivery of both air conditioners in satisfactory condition, however, she hastened to point out that he wrote on the receipt, “received above unit,” to indicate that only one of their two units was actually received. She again requested delivery and the same unit which did not belong to her was returned a second time. She then telephoned the defendant and was informed that her unit could not be located and the defendant offered to pay $50.00 in settlement therefor or to furnish another unit in lieu thereof. She rejected both offers.
It was stipulated by the respective litigants that Reno Veillon, proprietor of the defendant company, was qualified to evaluate the missing air conditioning unit. He related that a Carrier air conditioning unit purchased in 1963 for the sum of $272.80 would be considered three years old in 1965 and that for the first three years depreciation is figured at $50.00 per year.
The trial judge in his reasons for judgment stated that the air conditioning unit was either lost, misplaced or stolen and was never delivered to the plaintiff.
Predicated on the testimony of Veillon that the unit cost $272.80 and considering it to be usable for ten years, he calculated that the yearly cost of the unit was $27.28 and that its use for seven years would amount to the sum of $190.96 plus 3% sales tax, totalling $196.69. He rendered judgment in favor of the plaintiff, William Mason Smith and against the defendant, Car-rollton Refrigeration & Home Appliances, for the above amount.
The only significant question which this appeal has posed for our consideration is whether the foregoing finding of fact by the trial court is so erroneous and unsupported by the evidence contained in the record as to warrant a reversal by us.
*358 We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the testimony adduced herein or by endeavoring to engage in a reconciliation thereof.
The trial judge was convinced that the air conditioning unit possessed a value of $196.69 and that it was either lost, misplaced or stolen and therefore was never delivered to the plaintiff. Our analysis of the record convinces us that there was no error in his factual determination.
For the foregoing reasons the judgment of the lower court is affirmed. The defendant is to pay all costs incurred herein.
Affirmed.